## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY JAMES SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-20-1310-D |
| | ) |
| RICK WHITTEN, | ) |
| | ) |
| Respondent. | ) |

### ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 31] issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B). Petitioner Gary James Smith, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, seeking relief for ineffective assistance of counsel [Doc. No. 6]. Respondent moved to dismiss the petition, arguing it is barred by the statute of limitations set out in § 2244(d)(1). [Doc. Nos. 14 and 15].

Judge Erwin recommends that the Court find the petition timely filed and, thus, deny Respondent's motion to dismiss. Respondent filed a timely written objection to Judge Erwin's Report and Recommendation [Doc. No. 32]. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In the motion to dismiss, Respondent argued Petitioner's motion for a suspended sentence pursuant to Okla. Stat. tit. 22, § 994 did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Judge Erwin disagreed, recommending the Court find the motion for a suspended sentence tolled the statute of limitations, thus making the Petition for Writ of Habeas Corpus timely, because the motion (1) qualifies as "other collateral relief" and (2) was "properly filed." Respondent objects to both parts of Judge Erwin's recommendation.

The Court agrees with Judge Erwin's recommendation on the first issue: Petitioner's motion for a suspended sentence under Okla. Stat. tit. 22, § 994 constitutes "other collateral review" for purposes of 28 U.S.C. § 2244(d)(2).

Federal district courts in Oklahoma have consistently treated motions under Okla. Stat. tit. 22, § 994 as "collateral review." *Clements v. Franklin*, No. CIV-12-247-W, 2012 WL 2344430, at *3 (W.D. Okla. May 8, 2012), report and recommendation adopted, No. CIV-12-247-W, 2012 WL 2358564 (W.D. Okla. June 20, 2012); *Estes v. Crow*, No. CIV 20-031-RAW-KEW, 2022 WL 301598, at *3 (E.D. Okla. Feb. 1, 2022) (collecting cases). The Court agrees with those decisions and finds that, based on the Supreme Court's broad definition of collateral review in *Wall v. Kholi*, 562 U.S. 545, 547 (2011), a properly filed motion for a suspended sentence under Oklahoma law tolls the statute of limitations under § 2244(d)(2). Therefore, the Court agrees with Judge Erwin's recommendation on this issue.

The Court also agrees with Judge Erwin's recommendation on the second issue: Petitioner's motion for a suspended sentence was "properly filed" for purposes of § 2244(d)(2).

2

Petitioner's motion for a suspended sentence under Okla. Stat. tit. 22, § 994 was filed almost ten years ago, and it remains pending. Petitioner filed the motion in the correct court, within the time allowed under the statute. Although it appears the Beckham County District Attorney must file an application with the district court before the court may grant Petitioner relief under § 994, *see* § 991a(C), nothing in Oklahoma law required such an application to be filed before Petitioner's § 994 motion. Therefore, the Court agrees with Judge Erwin that Petitioner's § 994 motion was "properly filed."

Accordingly, Petitioner's motion for a suspended sentence is considered a "properly filed application for . . . other collateral review," thus, tolling the statute of limitations under 28 U.S.C. § 2244(d)(2). Since the § 994 motion remains pending, the statute of limitations remains tolled. Therefore, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is not time-barred.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 31] is **ADOPTED** in its entirety. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [Doc. Nos. 14 and 15] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is now re-referred to Magistrate Judge Shon T. Erwin for further proceedings consistent with the initial case referral.

**IT IS SO ORDERED** this 16th day of March, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge